IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-62-H
NO. 5:15-CR-67-H
NO. 5:15-CR-68-H

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| DUKE ENERGY BUSINESS SERVICES ) | **ORDER APPOINTING** |
| LLC; DUKE ENERGY CAROLINAS, ) | **COURT APPOINTED MONITOR** |
| LLC; and DUKE ENERGY ) | |
| PROGRESS, INC., ) | |
| Defendants. ) | |

The court hereby appoints Benjamin F. Wilson of the law firm, Beveridge & Diamond, P.C., located in Washington, D.C., to be the court appointed monitor ("CAM") in the above-captioned cases subject to the conditions set forth infra.

### CONDITIONS OF APPOINTMENT

1. Scope of Performance - The CAM shall perform the obligations of the court appointed monitor as set forth in the plea agreements entered into by defendants and the government, judgments, and this Appointment. At all times, the CAM shall report to the United States District Court for the Eastern District of North Carolina ("U.S. District Court"). Pursuant to the plea agreements and the judgments in the above-

captioned cases, defendants shall pay for the services of the CAM as detailed in Section 8 of this Appointment.

2. Term of Appointment - The term of this Appointment shall commence on the date that this order is entered ("Effective Date") and shall terminate upon the termination of defendants' period of probation, unless the court removes the CAM or otherwise terminates the CAM prior to completion of the period of probation. The CAM may file a motion in this court requesting to be terminated but must continue to perform his obligations under this Appointment until released by order of the court.

3. No Attorney-Client Relationship - No attorney-client relationship is created between the CAM and defendants or the government. No communications between the CAM and defendants or the government shall be deemed to be legal counsel or advice, and no communications, verbal or written, shall be protected by the attorney-client privilege.

4. Confidentiality - The CAM acknowledges that any non-public information learned by the CAM or Beveridge & Diamond, P.C. staff through the performance of the CAM's powers and responsibilities under this Appointment, or disclosed by, or on behalf of, defendants, including their affiliates, employees, officers, contractors, agents, consultants, and advisors, or by an agency of the government, to the CAM,

Beveridge & Diamond, P.C., or any advisor retained by the CAM in connection with this Appointment is confidential. Such information is referred to herein as "Confidential Information." Any information that is ultimately reported to the court, the government, or ultimately posted to a company website under the terms of the plea agreement, judgments, or this Appointment shall not be considered Confidential Information, unless it is supported by a claim of "Confidential Business Information."[1] Confidential Information also does not include information that is required to be reported to any federal, state, or local agency and that would be publicly available through that agency by publication or information request. Nothing in this Appointment limits the CAM's access to Confidential Information or Confidential Business Information for purposes of completing his obligations and duties.

    a. <u>Protection of Confidential Information</u>. The CAM and Beveridge & Diamond, P.C. shall take such steps as may be reasonably necessary to restrict access to

[1] In determining whether to allow the redaction or exclusion of Confidential Business Information, the CAM, although not affiliated with the United States Environmental Protection Agency ("EPA"), shall rely upon regulations promulgated by the EPA, found at 40 C.F.R., Part 2, Subpart B as a guideline for his handling of Confidential Business Information. To the extent that the CAM agrees to the redaction or exclusion of Confidential Business Information from any report required under the plea agreement, he or she shall maintain a written record documenting the reasons for such redaction or exclusion. As provided in the plea agreements, the court shall receive unredacted copies of any reports or submissions. The government may object to any redactions.

3

Beveridge & Diamond, P.C., or any advisor retained by the CAM in connection with this Appointment is confidential. Such information is referred to herein as "Confidential Information." Any information that is ultimately reported to the court, the government, or ultimately posted to a company website under the terms of the plea agreement, judgments, or this Appointment shall not be considered Confidential Information, unless it is supported by a claim of "Confidential Business Information."[1] Confidential Information also does not include information that is required to be reported to any federal, state, or local agency and that would be publicly available through that agency by publication or information request. Nothing in this Appointment limits the CAM's access to Confidential Information or Confidential Business Information for purposes of completing his obligations and duties.

    a. <u>Protection of Confidential Information</u>. The CAM and Beveridge & Diamond, P.C. shall take such steps as may be reasonably necessary to restrict access to

---

[1] In determining whether to allow the redaction or exclusion of Confidential Business Information, the CAM, although not affiliated with the United States Environmental Protection Agency ("EPA"), shall rely upon regulations promulgated by the EPA, found at 40 C.F.R., Part 2, Subpart B as a guideline for his handling of Confidential Business Information. To the extent that the CAM agrees to the redaction or exclusion of Confidential Business Information from any report required under the plea agreement, he or she shall maintain a written record documenting the reasons for such redaction or exclusion. As provided in the plea agreements, the court shall receive unredacted copies of any reports or submissions. The government may object to any redactions.

3

Confidential Information only to the CAM and staff at Beveridge & Diamond, P.C. and advisors to the CAM who have a need to know such information for the purpose of assisting the CAM in exercising his powers and responsibilities under the plea agreements, judgments, and this Appointment. This provision shall also apply to any advisor hired by the CAM.

b. <u>Disclosure of Confidential Information</u> - In the event that the CAM or Beveridge & Diamond, P.C. or advisors to the CAM are served with a subpoena or other process requiring production of Confidential Information, including the work undertaken by the CAM pursuant to this Appointment, the CAM shall promptly provide defendants, the government, and the U.S. District Court with a copy of such subpoena. The CAM or Beveridge & Diamond, P.C. or advisors to the CAM shall not produce any Confidential Information during the pendency of any timely motion filed by defendants to oppose, quash, or limit production unless directed by the U.S. District Court, but nothing herein shall prevent the CAM and Beveridge & Diamond, P.C. or advisors to the CAM from producing Confidential Information in response to a subpoena if ordered to do so by final order of a court of competent jurisdiction. The CAM, Beveridge & Diamond, P.C., or advisors to the CAM

4

shall have no obligation to independently move to oppose, quash, or limit production.

   c.   <u>Retention of Confidential Information</u> - The CAM and his advisors shall retain all documentation containing or reflecting Confidential Information for the duration of this Appointment. Within 90 days after the expiration or termination of this Appointment, the CAM shall, to the extent reasonably practicable, destroy or return to defendants all documentation containing or reflecting Confidential Information. The CAM shall provide notice to the U.S. District Court and the government prior to destroying or returning Confidential Information. The CAM shall be responsible for ensuring that any personnel employed by Beveridge & Diamond, P.C. and any advisors hired pursuant to this Appointment comply with the terms of this provision.

5.   <u>Conflicts of Interest</u> -

   a.   <u>Prohibition on Certain Conflicts</u> - Neither the CAM nor Beveridge & Diamond, P.C. or advisors to the CAM shall negotiate for, or enter into, another relationship with defendants or any of its affiliates during the term of this Appointment or for two years following the term of the Appointment.

5

b. <u>Representation of Other Entities</u> - Neither the CAM nor Beveridge & Diamond, P.C. or advisors to the CAM shall accept any engagement during the term of this Appointment that is adverse to defendants without prior notice to the court and the government and defendants' prior written consent. Nor may the CAM or Beveridge & Diamond, P.C. or advisors to the CAM accept, at any time in the future, any other engagement that is related to the matters addressed by the CAM under this Appointment or related to any of defendants' Confidential Information that was shared with the CAM in furtherance of this Appointment, except upon defendants' prior written consent.

c. <u>Merger of Beveridge & Diamond, P.C.</u> - If Beveridge & Diamond, P.C. or advisors to the CAM merge with another entity, the resulting merged entity shall be subject to the terms of this Appointment, including the terms regarding the Prohibition on Certain Conflicts and Representation of Other Entities contained herein. The merged entity must promptly notify the U.S. District Court, defendants, and the government of any potential conflict that arises as a result of the merger. Should the parties determine that an actual conflict is present due to the merged entity's work on behalf of a client,

6

defendants shall provide a waiver of any such conflict provided that the merged entity ensures that the personnel working on behalf of the client which engenders the conflict are screened from the CAM's work and defendants' Confidential Information. Further, the merged entity shall secure all necessary conflict waivers from the client which engenders the conflict. In the event that the merged entity is unable to secure the necessary conflict waiver, and the result is that the CAM is unable to exercise any powers or responsibilities set forth in the plea agreements, judgments, or this Appointment, the CAM shall promptly inform the U.S. District Court, defendants, and the government.

6. <u>Powers and Responsibilities</u> – The CAM shall have all of the powers and responsibilities set forth in the plea agreements, judgments, and this Appointment. The CAM shall be bound by the terms of the plea agreements, judgments, and this Appointment. To the extent the U.S. District Court in its judgment or subsequent order amend the requirements of the plea agreements or this Appointment, those amendments shall be binding on the CAM.

7. <u>Bromide Remediation Claims and Costs</u> – The CAM shall establish a claims procedure for restitution payments pursuant to the plea agreements. DEP Plea ¶¶ 3(x)(iii)-(iv); DEC Plea

7

¶¶ 3(x)(iii)-(iv). Within 90 days of the Effective Date of this Appointment, the CAM shall provide defendants, the government, and the U.S. Probation Office with a draft of the claims procedure described in the plea agreements. Defendants and the government shall have 15 days to provide comments to the CAM regarding the draft claims procedure. Within 15 days of receiving those comments, the CAM shall provide the U.S. District Court, defendants, and the government with a final draft of the claims procedure. To the extent that the CAM rejects proposed changes to the draft claims procedure, in whole or in part, the CAM shall provide defendants and the government with a written statement of reasons for that determination. The court shall resolve any remaining conflicts over the claims procedure.

8. <u>Administration of the CAM's Duties</u> –

   a. <u>Staffing</u> - The CAM and Beveridge & Diamond, P.C. have acknowledged that they have adequate staff with appropriate experience in environmental law and compliance, and professional support staff, to enable the CAM to carry out the powers and responsibilities set forth in the plea agreements, judgments, and this Appointment. The CAM shall maintain the level of staffing necessary to carry out the powers and responsibilities set forth in the plea agreements, judgments, and this

8

Appointment. The CAM shall further manage staffing in order to carry out his duties in a manner that avoids wasteful, duplicative, or unnecessary expenses to defendants.

b. <u>Advisors</u> - The CAM may determine that it is necessary to engage outside advisors, consultants, or other professionals who are not employees or pre-existing contract employees of Beveridge & Diamond, P.C. Under these circumstances, the CAM shall obtain written consent from the U.S. District Court to retain the services of any outside advisor after notifying defendants and the government of any plan to retain the services of an outside advisor. Defendants and the government shall have 10 days to object to the retention of the advisor. Any advisors retained under this section shall be subject to the same conditions as the CAM regarding Confidential Information and non-disclosure.

c. <u>CAM's Compensation and Expenses</u> – Pursuant to the judgments, defendants shall pay the fees of the CAM and Beveridge & Diamond, P.C. professionals, as well as actual expenses incurred, necessary to carry out the powers and responsibilities set forth in the plea agreements, judgments, and this Appointment. Those fees shall be determined pursuant to terms and conditions

9

provided in the fee schedule approved by the U.S. District Court. The CAM shall submit invoices for allowable fees and expenses to the U.S District Court, with copies to defendants and the government. Defendants may raise objections to those fees and expenses with the U.S. District Court within 7 days of receiving the invoice. To the extent that the CAM incurs travel costs, attorneys' fees, or other reasonable expenses in connection with the performance of this Appointment, he or she shall provide an invoice itemizing these expenses and fees within 30 days after they are incurred. The U.S. District Court shall approve the fees and expenses for payment after resolving any objections to the invoices.

    d.   <u>CAM's Fee Schedule To Be Submitted</u> – Within 10 days of entry of this order, the CAM shall submit a proposed fee schedule to the U.S. District Court, defendants, and government. The proposed fee schedule shall enumerate the hourly fee rates for all professionals at Beveridge & Diamond, P.C. whom the CAM reasonably expects to assist him in performing his duties. After hearing any objection from the parties, the court shall enter an order establishing a final fee schedule for the CAM's compensation.

10

Case 5:15-cr-00067-H   Document 69   Filed 08/06/15   Page 10 of 12

e. <u>Compensation of Advisors</u> - Defendants are solely responsible to compensate the fees, as approved by this court, of any advisors approved by the U.S. District Court in advance of their retention. Any advisors retained by the CAM who perform work under this Appointment shall submit invoices for their fees and expenses to the U.S. District Court, with copies to defendants and the government. Defendants may file an objection to those fees and expenses with the U.S. District Court within 7 days of receiving the invoice. The U.S. District Court shall approve the fees and expenses for payment after resolving any objection to the invoice.

9. <u>Affiliation of CAM</u> - The CAM shall provide advance written notice to the U.S. District Court, defendants, and the government of any circumstances under which the CAM ceases to be affiliated with Beveridge & Diamond, P.C. If the CAM ceases to be a member of Beveridge & Diamond, P.C., the CAM shall notify the U.S. District Court, defendants, and the government immediately. If the CAM becomes affiliated with a different law firm, he or she must notify the U.S. District Court, defendants, and the government that the new law firm is capable of meeting all of the terms of this Appointment. If the CAM does not become affiliated with any other law firm,

11

the CAM may continue his duties for the remaining duration of the Appointment if the CAM can demonstrate, to the satisfaction of the court, that he or she will continue to have the resources necessary to carry out the powers and responsibilities of the CAM.

Entered this ___6 7TH___ of August, 2015.

_____
MALCOLM J. HOWARD
Senior United States District Judge